UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

AMY JACINTO,

      Plaintiff,

vs.

TRUEACCORD CORP., and LVNV FUNDING, LLC,

      Defendants.

Case No. 19-cv-1534

## COMPLAINT

NOW COMES Plaintiff Amy Jacinto, by and through her attorney, Nathan DeLadurantey of DeLadurantey Law Office, LLC and complains of Defendants TrueAccord Corp., and LVNV Funding, LLC, and alleges to the best of her knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

### INTRODUCTION

### Nature of the Action

1. This lawsuit arises from the illegal collection attempts of Defendants.

2. Causes of Action herein are brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### Jurisdiction and Venue

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331, because the case arises under the laws of the United States.

4. This Court also has jurisdiction under 15 U.S.C. § 1692 as it is an action to enforce liability created by the FDCPA within one year from the date on which the violation occurred.

5. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(2), because this is where the acts giving rise to the claim occurred.

6. Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction. Defendants are subject to personal jurisdiction in Wisconsin, since they do business in Wisconsin.

**Parties**

7. Plaintiff Amy Jacinto (hereinafter "Ms. Jacinto") is a natural person who resides in the County of Racine, State of Wisconsin.

8. Ms. Jacinto is a "consumer" as defined by 15 U.S.C. §1962a(3).

9. Defendant TrueAccord Corp. ("TrueAccord") is a foreign business corporation with a principal office located at 303 2nd Street, Suite 750 South, San Francisco, CA 94107, and a registered agent office address at CT Corporation System, 301 S. Bedford Street, Suite 1, Madison, WI 53703.

10. Defendant TrueAccord is a "debt collector" pursuant to 15 U.S.C. § 1692a(6).

11. Defendant LVNV Funding, LLC ("LVNV") is a foreign limited liability company with a principal office located at 15 South Main Street, Greenville, South Carolina, 29601, and a registered agent office address at Corporation Service Company, 1703 Laurel Street, Columbia, SC 29201.

12. Defendant LVNV is a "debt collector" pursuant to 15 U.S.C. § 1692a(6).

## BACKGROUND

13. On March 1, 2019 Ms. Jacinto filed for relief under Chapter 7 of the Bankruptcy Code (E.D. Wisconsin Case No. 19-21620).

14. The Plaintiff owed a debt to a non-party at the time of filing.

15. Sometime after filing for bankruptcy, Defendants began collecting on the debt.

16. Plaintiff inadvertently omitted Defendants from her bankruptcy schedules.

17. Plaintiff had her bankruptcy lawyer write to Defendants, notifying them of her bankruptcy filing and their representation.

18. On or about June 4, 2019 the Plaintiff received her bankruptcy discharge.

19. After the bankruptcy, Defendants continued to endlessly harass Plaintiff, seeking payment on the debt discharged in the bankruptcy.

20. Defendants are prohibited under the United States Bankruptcy Code from engaging in these collection attempts.

21. Because of the bankruptcy, and Defendants actual and constructive notice of the same, they are not allowed to attempt to collect the debt from the Plaintiff.

22. Defendants have still attempted to collect, despite the bankruptcy discharge.

23. Plaintiff felt as if Defendants were ignoring and flaunting the court order that prohibited them from collecting the debt included in her bankruptcy.

24. Further, Defendants were communicating directly with Plaintiff when they had actual and/or constructive notice that she was represented by an attorney.

25. Plaintiff felt threatened, harassed, and suffered damages as a result of Defendants' conduct.

## Count 1 – Violations of the Fair Debt Collection Practices Act, (15 U.S.C. §1692)

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. Plaintiff is a consumer as defined by 15 U.S.C. §1692a(3).

28. The foregoing acts of the Defendants and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692c(a)(3), 1692e, 1692e(2), 1692e(10), 1692f, and 1692f(1), with respect to the Plaintiff.

29. Specifically, under 15 U.S.C. § 1692c(a)(3), a debt collector cannot communicate with a represented party. Here Defendants knew Plaintiff was represented by counsel with respect to the debts in question, yet they communicated directly with her.

30. Specifically, under 15 U.S.C. § 1692e(2), a debt collector cannot make a false representation about the amount of debt owed, which they did when they tried to collect on an account that was discharged in a bankruptcy.

31. Under 15 U.S.C. § 1692e(10), a debt collector cannot use false representation or deceptive means to collect, which they did when they tried to collect on an account that was discharged in a bankruptcy.

32. Under 15 U.S.C. § 1692f(1), a debt collector cannot collect an amount which it is not authorized to collect, which Defendant did when they tried to collect on an account that was discharged in a bankruptcy.

33. Plaintiff has suffered actual damages as a result of Defendants' illegal collection communications in the form of anger, anxiety, emotional distress, humiliation, frustration, and other negative emotions.

34. Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

**Count 2 - Violations Of The Wisconsin Consumer Act, Wis. Stat. 427.104**

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Under Wis. Stat. 427.104(h), a debt collector cannot "[e]ngage in, conduct which can reasonably be expected to, harass the customer."

37. Defendants engaged in conduct which can reasonably be expected to harass Plaintiff when they tried to collect on a debt they knew (or should have known) had been discharged in bankruptcy.

38. Under Wis. Stat. 427.104(j), a debt collector cannot "[c]laim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist."

39. Defendants engaged in conduct, attempts, claims, and threats to enforce rights with knowledge and reason to know they did not exist against Plaintiff, when they tried to collect on an account included in bankruptcy.

40. Plaintiff has suffered actual damages as a result of these illegal collection communications, including emotional distress in the form of anger, anxiety, emotional distress, humiliation, frustration, amongst other negative emotions.

41. Plaintiff is entitled to actual, statutory, and punitive damages pursuant to Wis. Stat. 427 and, reasonable attorney's fees and costs pursuant to Wis. Stat. 435.308.

**Trial by Jury**

42. Plaintiff is entitled to, and hereby respectfully demands a trial by jury on all issues so triable.

WHEREFORE, Ms. Jacinto prays that this Court will enter judgment against Defendants as follows:

A. Actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1692k(a)(1);
B. Statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
C. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);
D. Actual, statutory, and punitive damages pursuant to Wis. Stat. §427 *et al.*;
E. Costs and reasonable attorneys' fees pursuant to Wis. Stat. §425.308;
F. For such other and further relief as may be just and proper.

Dated this 18th day of October, 2019.

s/ Nathan E. DeLadurantey
Nathan E. DeLadurantey, 1063937
DELADURANTEY LAW OFFICE, LLC
330 S. Executive Drive, Suite 109
Brookfield, WI 53005
(414) 377-0515; (414) 755-0860 - Fax
E: nathan@dela-law.com
*Attorneys for the Plaintiff*